IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00328-REB-CBS

MICHAEL C. BROWN,
    Plaintiff,
v.

COLORADO DEPARTMENT OF CORRECTIONS,
    Defendant.

---

RECOMMENDATION FOR DISMISSAL
---

Magistrate Judge Craig B. Shaffer

Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915. Section 1915(b)(2) requires an indigent inmate plaintiff to make "monthly payments of 20 percent of the preceding month's income credited to his account" until the filing fee is paid in full. Plaintiff has been instructed to make such payments. (*See* Orders dated February 15, 2007 (Doc. # 2), March 15, 2007 (Doc. # 6); and July 23, 2007 (Doc. # 21)).

I.    Background

On July 23, 2007 (Doc. # 21), Plaintiff was ordered either to make the required monthly payments or to show cause why he had no assets and no means by which to make the monthly payments from March 2007 to the present. Plaintiff was warned that a failure to comply with that Order may result in the dismissal of his complaint and the action. Notwithstanding that Order and warning, Plaintiff has not made any payments, nor has he submitted any inmate account statements showing that he had no assets and no means by which to make a monthly payment. Plaintiff therefore has not complied with the Court's July 23, 2007 Order.

II.     Discussion

In *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992), the court enumerated the factors to be considered when evaluating grounds for dismissal of an action.   The factors are: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant," [and] (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance.... " *Ehrenhaus*, 965 F.2d at 920; *see also Gates Rubber Co. v. Bando Chemicals, et al*, 167 F.R.D. 90, 101 (D. Colo. 1996).  The court now turns to the *Ehrenhaus* factors.

1. Prejudice to the Defendant

From a review of his case file, the court finds that Plaintiff's failure to provide either a monthly payment or to demonstrate his inability to pay by presenting a verified copy of his inmate account, has not delayed the progression of his case toward resolution, nor have defendants been prejudiced or adversely impacted.

2. Interference With the Judicial Process

Here, the court considers Plaintiff's failure to comply with this court's July 23, 2007 Order to Show Cause.  The court recommends finding that Plaintiff's persistent failure to follow the court's Orders with respect to his obligation to pay the filing fee, and the court's continual review of his file and issuance of orders regarding the filing fee increase the workload of the court and therefore interfere with the administration of justice.

### 3. Culpability of Plaintiff

Plaintiff was given an expressed orders to make payments towards the filing fee or to show cause why he could not. (*See* Orders dated February 15, 2007 (Doc. # 2), March 15, 2007 (Doc. # 6); and July 23, 2007 (Doc. # 21)). Plaintiff was ordered thereafter to show cause why his case should not be dismissed for the failure to make payments. Plaintiff failed to respond to that Order. From the record, the court must draw the conclusion that Plaintiff is blameworthy because he has willfully ignored this court's Orders.

### 4. Advance Notice of Sanction of Dismissal for Noncompliance

Plaintiff has previously been warned that he risked dismissal of his case if he continued to fail to comply with this court's Orders. (*See* Orders dated February 15, 2007 (Doc. # 2), March 15, 2007 (Doc. # 6); and July 23, 2007 (Doc. # 21)). Upon weighing the *Ehrenhaus* factors, the court finds that, although Defendants are not prejudiced by Plaintiff's failure to follow the court's Orders, Plaintiff has impeded the orderly administration of justice in general because the court is required to evaluate Plaintiff's ability to pay each month. Plaintiff further has disregarded and failed to respond to this court's Orders; and finally, Plaintiff has been warned that his case would be dismissed if he continued to ignore court Orders. Three out of four *Ehrenhaus* factors thus weigh against Plaintiff so that a recommendation of dismissal is appropriate.

III.  Conclusion

Accordingly, for the reasons stated, it is RECOMMENDED that the Amended Complaint be DISMISSED with prejudice for failure to comply with the court's Orders dated February 15,

2007 (Doc. # 2), March 15, 2007 (Doc. # 6); and July 23, 2007 (Doc. # 21). Pursuant to Fed. R. Civ. P 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objection in order to obtain reconsideration by the District Judge to whom this case is assigned.[1]

DATED at Denver, Colorado this 20th day of August, 2007

BY THE COURT:

s/Craig B. Shaffer
United States Magistrate Judge

---

[1] The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party form the *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy of this Recommendation may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).